### RICCI v. EL MUNDO, Inc.
#### Civ. No. 5288.

United States District Court
D. Puerto Rico, San Juan Division.
Aug. 17, 1949.

Enrique Igaravidez, San Juan, Puerto Rico, for plaintiff.

Tomas I. Nido, Jose G. Gonzalez, San Juan, Puerto Rico, for defendant.

CHAVEZ, District Judge.

The trial of this cause came on to be heard on Thursday, August 11, 1949, upon the allegations of the complaint filed by the plaintiff on February 1st., 1949, the issues raised by the defendant in its answer of March 28, 1949 and on the admissions contained in defendant's answer to plaintiff's request for admission of facts therein. Upon the evidence and testimony submitted by the parties at the said trial in support of their respective contentions the Court makes the following

Findings of Fact

1. That the defendant was engaged, throughout the period covered by the complaint, in the production of the daily newspaper "El Mundo" in Puerto Rico and in its sale and distribution throughout Puerto Rico, Continental United States and the Virgin Islands.

2. That the plaintiff was engaged throughout the same period, by the defend-ant, in occupations necessary to the production of the said newspaper "El Mundo".

3. That the plaintiff ceased in his employment on September 6, 1947, and filed the present suit on February 1st., 1949.

4. That throughout the period covered by the complaint the plaintiff was compensated for his services at the rate of more than $200.00 per month (exclusive of board, lodging, or other facilities) and that from and after January 1st., 1947, he was compensated for his services, by the defendant, at a rate of $8,000.00 per year.

5. That from and after February 1st., 1947, the plaintiff was engaged as, and actually occupied, the position of First Assistant to the editor in chief of the newspaper "El Mundo" and throughout that period regularly and directly assisted the said editor in work which was non-manual in nature and which required the exercise of the plaintiff's discretion and independent judgment.

6. That, even before February 1st, 1947, the plaintiff in effect managed the Editorial Department of the newspaper "El Mundo"; regularly directed, assigned and supervised the work of other employees therein; made suggestions and recommendations as to the hiring or firing and as to the promotion or other changes of status of the employees in the said Department, which suggestions were given particular weight; made decisions and exercised powers which required his use of discretion and independent judgment; and was not engaged in the same type of work as that performed by the other employees under his supervision for more than 20% of the total number of hours worked by said other employees during any workweek.

In view of the facts found by this Court, as above expressed, the Court arrives at the following

Conclusions of Law

1. That plaintiff's employment with the defendant is covered by the terms of the Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq., in that the plaintiff was engaged in the production of goods for commerce.

■ 2. That any action which the plaintiff may have had against the defendant for the recovery of overtime compensation under the said Act, for services rendered prior to February 1st., 1947 is barred under the provisions of Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 255, in that such action should have been brought, as concerns each payroll period, within two (2) years from the respective pay days on which the plaintiff received compensation for his services.

■ 3. That the plaintiff, througout the period covered by the complaint, and specially after February 1st., 1947, was employed in a bona fide administrative capacity with the defendant and as such was exempt from the application of the minimum wages and maximum hours provisions of Section 6 and 7 of the Fair Labor Standards Act pursuant to the terms of Section 13(a) (1) of the said Act as such exemption has been defined by the administrator of the Wage and Hour Division.

4. That the plaintiff is not entitled to recover any overtime compensation from the defendant under the Fair Labor Standards Act.

Pursuant to the findings of fact and conclusions of Law above stated, the Court herein enters the following

### Judgment

That the complaint herein be, and the same is hereby, dismissed.