GARCÍA COMMERCIAL, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, E. S. BELAVAL, JUDGE, Respondent; VICENTE BELGODERE, JR., Intervener.

No. 1970. Argued November 21, 1952.—Decided February 20, 1953.

 

*McConnell & Valdés* and *Elmer Toro Lucchetti,* for petitioner. *Marcelino Romany,* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On November 1, 1951, Vicente Belgodere, Jr., sued García Commercial, Inc., for wages, in the former District Court, of Puerto Rico, San Juan Section, pursuant to the provisions of Act No. 10 of November 14, 1917 (Spec. Sess. Laws, Vol. II, p. 216). He alleged in the complaint having worked for the defendant between October 8, 1945, and June 8, 1950, in excess of 40 hours per week, invoking the Fair Labor Standards Act; in excess of eight hours per day, during the same period, invoking Act No. 379 of May 15, 1948 (Sess. Laws, p. 1254); and extra hours on Sundays in violation of the latter Act; and that from October 1, 1949, to June 8, 1950, he was not granted certain days of vacation to which he was entitled. His total claim, including the penalty, amounted to $8,256.44.

The defendant answered and after denying the essential averments of the complaint it alleged affirmatively that during his employment the plaintiff was engaged solely and exclusively in its activities connected with retail business, wherefore its activities were not covered by the Fair Labor Standards Act. Moreover, it denied specifically that the plaintiff had ever been engaged during his employment in activities connected with interstate commerce. Subsequently, and with leave of the court, the defendant adduced as a special defense that the plaintiff's cause of action as to the

years 1945 to November 1, 1949, was barred pursuant to the Federal provisions on this subject.[1]

The issue being thus joined, the plaintiff moved that the defendant be ordered to permit him to inspect and to copy whatever was material from each of the following documents:

a. Payrolls of all the employees of the defendant García Commercial, Inc., during the period from October 8, 1945, until June 1950.

b. Written labor contracts of all the employees during the same period.

c. Time cards showing the arrival and departure of all the employees during the same period.

d. All the warehouses and offices of the defendant García Commercial, Inc.

e. Invoices of all the exporters during the same period.

f. Correspondence between García Commercial, Inc., and the Wage & Hour Division of the U. S. Department of Labor.

g. Ledger and journal covering the period involved in the complaint, namely, from October 8, 1945, until June 1950.

h. Cashbook.

The defendant objected and after a hearing, the court a quo entered an extensive order granting the motion in its entire-

---

[1] See 29 U.S.C.A. § 255, providing that:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to May 14, 1947—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations."

ness. The lower court set forth in that order the reasons why it authorized the inspection of each and every one of the items mentioned in the motion. In referring to the question of prescription it stated that: "If . . . the evidence showed that the plaintiff was engaged in activities within interstate commerce the plea of prescription would be valid in every respect connected with interstate commerce. 29 U.S.C.A. § 255; *Ricci* v. *El Mundo*, 85 F. Supp. 82. But since the defendant alleges, as it does allege, that the plaintiff was engaged 'solely and exclusively in its activities connected with retail business' . . , *the court can not decide the issue of prescription until it hears the evidence of both parties. We shall therefore leave the question pending until after hearing the evidence.*" The defendant moved for reconsideration and its motion was denied outright. The defendant then resorted to this Court with a petition for certiorari and in response thereto on September 5, 1952, we entered an order which literally copied essentially reads:

"The petitioner shall notify its foregoing petition for certiorari to Vicente Belgodere, Jr., and all the parties are hereby granted a term of 10 days to file separate writings setting forth the reasons, if any, why in view of our holding in *Shell Co.* v. *District Court*, 73 P.R.R. 413, the order entered by the lower court on July 22, 1952, in the case of that court No. 51–3984, *Vicente Belgodere, Jr.* v. *García Commercial, Inc.*, Claim for Wages, should not be set aside."

The parties complied with our order and at the request of the intervener Belgodere (plaintiff in the main action) we held a hearing during which the parties discussed not only the issue of prescription but also the remaining errors assigned by the defendant in its petition.

Rule 34 of the Rules of Civil Procedure provides that:

"(a) *Inspection of Documents and Examination of Real Property*.—Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an

action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated relevant object or operation thereon."

It will be seen from the context of this Rule that in order that a motion for inspection of documents, etc., may lie, not only must good cause therefor be shown, but also the production or inspection sought must be of objects or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action.

According to the text writers and the decisions, Rule 34 is to be accorded the broadest and most liberal construction possible—*Hickman* v. *Taylor*, 329 U. S. 495, 507; 91 L. ed. 451, 460; *Shell Co.* v. *District Court*, 73 P.R.R. 413, 421, 427; 41 Mich. L. Rev. 205, 215—and the scope of the examination or inspection authorized thereunder shall be as broad as the scope of inquiry by deposition under Rule 26 (*b*) or by interrogatories under Rule 33. Moore's Federal Practice, 2d ed., Vol 4, § § 34.08 and 34.09. Despite that liberality and that broadness, the text writers and the decisions agree that "In an ordinary case discovery as to matters occurring outside the period of limitations or at some other time not relevant to the case may be denied, but where a continuing conspiracy, fraud or other wrong is alleged, discovery may cover an extensive period." *Op. cit.* § 34.10 and cases therein cited in footnotes 17 and 18. *Cf.* footnote 2.

■ However, as will be recalled, Belgodere's claim refers to work performed between October 8, 1945, and June 8, 1950. The complaint was filed, we repeat, on November 1, 1951. Therefore, the situation here is not as in *Shell Co.*

v. *District Court, supra,* where the claim went back 14 years and where we said, very wisely, we think, that "where . . . a claim goes back 14 years, the defendant should be given an opportunity to request a preliminary hearing on its defense of prescription . . . After the lower court has ruled on the issue of prescription, the defendant will be required to answer only those interrogatories which relate to claims which are not barred by prescription or otherwise." Nevertheless, as the claim in the instant case goes back only six years, of which it is possible that only a few may be barred under the Federal Fair Labor Standards Act, the foregoing quotation from the *Shell Co.* case is not strictly in point.[2] Therefore, the lower court did not err in refraining from previously expressing an opinion on the issue of prescription.[3]

 Since despite the terms of our aforesaid order of September 5, 1952, the parties discussed in their respective briefs, as well as at the hearing, the remaining errors assigned by the petitioner in its petition for certiorari, we shall refer to them, at least roughly. These assignments are: having erred in not deciding that the plaintiff was a retail business employee; in permitting the inspection of the petitioner's books and documents containing information as to fellow-employees of the plaintiff who were not parties to the action and who would not be affected by it; in ordering an inspection of such a burdensome, onerous and oppressive nature on the petitioner, in comparison to the small relative

---

[2] In footnote 6 at p. 427 of the opinion delivered in *Shell Co.* v. *District Court,* 73 P.R.R. 413, it is stated that *"We are not to be understood as holding that inquiry can never be made for work done prior to the prescriptive period.* For example, if it were relevant to determine a pattern of conduct, inquiry would not necessarily stop automatically at the statutory cut-off date." (Italics ours.)

[3] Since the claim is founded not only on the Federal Fair Labor Standards Act, but also on an Act of our Legislative Assembly which, in cases as here, does not specifically fix a limitation period, the right to claim such wages for extra hours prescribes three years after the respective services have ceased to be rendered. *Valiente & Cía.* v. *District Court,* 68 P.R.R. 491, 494; *Muñoz* v. *District Court,* 63 P.R.R. 226, 233. Consequently, it is possible that under Act No. 379 of 1948, above mentioned, the petitioner's claim is not barred.

value thereof for the plaintiff; and in deciding that the correspondence between the petitioner and the Wage and Hour Division of the U. S. Department of Labor is material in order to show whether the defendant has been considered by said Division as a retail entity, or not.

Founded on reasonings similar to those set forth, we think that said court did not err either in ordering the inspection of the afore-said documents and accounting books of the defendant without previously deciding whether the plaintiff worked in activities connected with the defendant's retail business and, hence, whether or not the said defendant was covered by the Fair Labor Standards Act.

As to the fellow-employees of the plaintiff who are not parties to the suit or who may not be affected by it, the examination and the inspection should not have permitted, nor should it permit, the obtaining of information as to them, unless it is shown that such information will furnish the plaintiff with a clue regarding the work performed by his immediate superior or by his fellow-employees, which he may thereafter use to substantiate his claim. *Shell Co.* v. *District Court, supra*, p. 428; *Fellabaum* v. *Swift & Co.*, 8 Fed. Rules Serv., p. 609, § 33.321, case 1; Moore's Federal Practice. 2d ed., Vol 4, § 34.10, p. 2459, and cases cited in footnote 9 thereof.

We do not think that an inspection such as the one ordered, is burdensome, onerous or oppressive on the petitioner, inasmuch as it is clearly stated in the order that the documents referred to will be placed at the disposal of the plaintiff, his agents or employees, duly authorized, during a relatively short period of time, in the very offices of the defendant corporation and at certain hours during working days.

The correspondence between the petitioner and the Wage and Hour Division of the U. S. Department of Labor may possibly be material in order to determine whether the petitioner is a retail entity under the aforesaid Federal Act.

For the reasons above stated the order appealed from will be modified in the sense of setting aside such part thereof as permits the inspection of the defendant's books and documents containing information regarding fellow-employees of the plaintiff who are not parties to the action and who could not be affected by it, and as modified, the aforesaid order will be affirmed.

Mr. Justice Belaval did not participate herein.